UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STANDARD FINANCIAL COMPANY LLC et al.,<br><br>Defendants. | Case No. 18-cv-05003-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 43 |

In this putative class action, plaintiff Abante Rooter and Plumbing, Inc. ("Abante") alleges in an amended complaint that defendants First Standard Financial Company, LLC ("FS Financial") and First Standard Finance Company, LLC ("FS Finance") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by using an automated dialer to call Abante's cell phone numbers without prior consent. Dkt. No. 40. FS Finance answered the amended complaint. Dkt. No. 42. FS Financial filed a motion to dismiss. Dkt. No. 43. The motion is denied, and the stay is lifted.

This case has not proceeded smoothly, *see, e.g.*, Dkt. No. 39, and the FS Financial motion has not improved the situation. The motion papers filed by defendants' attorney, Francis Rushford, are riddled with spelling mistakes and ungrammatical sentences, and offer only the most generic of legal arguments and case citations. The motion purports to seek dismissal of the amended complaint on no less than three procedural grounds -- Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(6) -- but barely mentions the legal standards for any of them. A good argument can be made that the motion should be stricken as unacceptable under the professional standards expected of an attorney admitted to practice in this District.

Even so, mainly in the interest of moving this case along, the Court will decide the motion. The parties' familiarity with the record and the arguments, such as they are, is assumed.

FS Financial does not challenge the adequacy of the TCPA claims. It says only that it is "the wrong party." Dkt. 43 at 1-2. Consequently, the question of dismissal turns on whether Abante has plausibly alleged a basis for holding FS Financial liable for the TCPA claims in the amended complaint. If so, the challenge to personal jurisdiction, which is barely developed beyond a mere mention, is also resolved because Abante alleges that its principal place of business is in Alameda County, Dkt. 40 ¶ 4, which is within this District. *See, e.g.*, *In re Capacitors Antitrust Litigation*, No. 14-cv-03264-JD, 2017 WL 897340, at *2-3 (N.D. Cal. Mar. 7, 2017) (citing *Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1284-85 and n.2 (9th Cir. 1977)); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-03 (9th Cir. 2004). Likewise, if the complaint states a claim against FS Financial, then the allegations show that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District for venue purposes. 28 USC § 1391(b)(2); *see also, e.g.*, *Crabtree v. County of Butte*, No. 19-cv-08058-JD, 2020 WL 1492677, at *2 (N.D. Cal. Mar. 28, 2020); *PHH Mortg. Corp. v. Barrett, Daffin, Frappier, Treder & Weiss, LLP*, No. 15-cv-04711-JD, 2016 WL 1588270, at *2 (N.D. Cal. Apr. 20, 2016).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the Court need not "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

2

FS Financial's main point for dismissal is that it is a broker-dealer that does not provide the lending services marketed to Abante in violation of the TCPA. Dkt. No. 43 at 7-8. The problem with this argument is that the amended complaint expressly alleges that the defendant First Standard entities "are affiliates, owned and operated as a joint enterprise." Dkt. No. 40 ¶ 9. This allegation is sufficient at the pleadings stage to state a plausible claim for vicarious liability, at a minimum, against FS Financial. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014) (holding that "a defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law"), *aff'd*, 136 S. Ct. 664 (2016).

That is enough to deny the motion. The materials outside the amended complaint that FS Financial tendered, which consist mainly of a FINRA profile and incorporation records, do not change the adequacy of the joint enterprise allegation, and in any event raise disputed issues of fact better suited for summary judgment, if warranted.

The motion is denied. The stay is lifted, *see* Dkt. No. 39, and the parties are directed to submit a joint proposed scheduling order by May 11, 2020.

**IT IS SO ORDERED.**

Dated: April 15, 2020

JAMES DONATO
United States District Judge

3